**Order filed May 30, 2013**



In The

# Eleventh Court of Appeals

———————

## No. 11-12-00038-CR

———————

## DAVID BOCANEGRA, Jr., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from County Court at Law No. 4**

**Travis County, Texas**

**Trial Court Cause No. C1CR11205953**

## O R D E R

The jury convicted David Bocanegra, Jr. of assault-family violence. The trial court assessed his punishment at confinement in the Travis County Jail for a term of 270 days. We abate the appeal and remand to the trial court for appointment of new appellate counsel.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that he has professionally

and conscientiously examined the record and applicable law and that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In addressing an *Anders* brief, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d 403; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we disagree with court-appointed counsel's conclusion that an appeal would be frivolous. We note that the trial occurred over the course of multiple days. Over ten witnesses testified during the guilt/innocence phase. In the court's perspective, an appeal arising from a contested trial on guilt/innocence is not readily amenable to disposition under *Anders*.

Accordingly, we grant counsel's motion to withdraw, abate this proceeding, and remand the case to the trial court for appointment of new appellate counsel. *See Bledsoe*, 178 S.W.3d at 826–27. We direct the trial court to appoint new

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel by its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court by June 27, 2013. Appellant's brief shall be due thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

The motion to withdraw is granted, the appeal is abated, and the cause is remanded to the trial court in accordance with this order.

PER CURIAM

May 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.